IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARIUS SHERIDAN, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:22-cv-628-WHA-SMD ) (WO) |
| BLAKE TURMAN, *et al.*, | ) ) |
|    Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Darius Sheridan, an inmate incarcerated at the Covington County Jail, filed this action on October 26, 2022, pursuant to 42 U.S.C. § 1983. (Doc. 1.) After reviewing the complaint and finding it deficient, the Court entered an order on November 30, 2022 to explain the deficiencies and provide Sheridan with corrective instructions. (Doc. 4.) Sheridan was cautioned therein that his failure to correct all such deficiencies by December 14, 2022, would result in a recommendation that the case be dismissed. (*Id*. at 3.) Nonetheless, Sheridan failed to meet the deadline and has not otherwise addressed the pleading deficiencies.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Such authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent

power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (where a litigant has been forewarned, dismissal for failure to obey a court order generally is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by January 19, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of January, 2023.

                /s/ Stephen M. Doyle
                STEPHEN M. DOYLE
                CHIEF U.S. MAGISTRATE JUDGE